UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

INTEGON GENERAL INSURANCE CORP.    :
                 Plaintiff,            :
                                 :
          v.                   :       No. 5:19-cv-04281
                                 :
EDWIN RODRIGUEZ and              :
ELVIS LUNA,                        :
                 Defendants       :

_____

## O P I N I O N

**Plaintiff's Motions for Default Judgment, ECF Nos. 11, 15 – Granted**

**Joseph F. Leeson, Jr.**                                             **February 21, 2020**
**United States District Judge**

## I.      INTRODUCTION

Plaintiff Integon General Insurance Corporation initiated this action against Defendants

Edwin Rodriguez and Elvis Luna seeking a declaration that it has no duty to defend or indemnify

Rodriquez in an underlying state lawsuit. Neither Rodriguez nor Luna responded in the instant

action and default was entered against each. Currently pending are Integon's Motions for

Default Judgment. For the reasons set forth below, because Rodriguez is an "Excluded Driver"

under the automobile insurance policy, Integon does not have a duty to defend Rodriguez and

therefore also does not have a duty to indemnify. The requests for default judgment are granted.

## II.      BACKGROUND

On April 26, 2019, Luna filed a personal injury suit in the Lehigh County Court of

Common Pleas alleging that in May 2017 Rodriguez was driving a vehicle under the influence of

alcohol and failed to observe a flashing traffic signal, striking a vehicle operated by Luna. *See*

Ex. A, ECF No. 1; *Luna v. Rodriguez*, No. 2019-C-1295 (Lehigh Cty Ct. Com. Pleas). The state complaint alleges that Rodriguez was at fault, but fled the scene of the collision. *See id.* Luna alleges that he suffered severe and permanent injuries in the crash. *See id.*

Integon filed the instant action seeking a declaration that it has no duty to defend or indemnify Rodriquez in the underlying state lawsuit.[1] Integon asserts that it issued an automobile insurance policy to Rodriguez in August 2014, which provides coverage to four named persons. Compl. ¶ 14 and Ex. B, ECF No. 1. Rodriguez is not one of the four named persons in the policy; rather, the policy specifically excludes Rodriguez from coverage on the page titled "Exclusion of Named Driver." *Id.* ¶ 16 and Exs. B-C.

The instant Complaint was properly served on Rodriguez and Luna, but each failed to timely respond and defaults were entered. Integon filed Motions for Default Judgment asserting that neither Defendant is in active military service, nor an infant or incompetent person. *See* Mots., ECF Nos. 11, 15. Neither Rodriguez nor Luna responded to the Motions.

## III. DISCUSSION

### A. Declaratory Judgment

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). In light of the underlying state suit, this Court has jurisdiction to consider whether Integon has a duty to defend, and it will exercise that jurisdiction.

---

[1]     There is no suggestion that Luna was insured by Integon.

While the question of whether an insurer has a duty to indemnify is generally "not ripe for adjudication until the insured is in fact held liable in the underlying suit," *Knightbrook Ins. Co. v. DNA Ambulance, Inc.*, No. 13-2961, 2013 U.S. Dist. LEXIS 176592, at *19-20 (E.D. Pa. Dec. 16, 2013) (citing *Heffernan & Co. v. Hartford Ins. Co.*, 614 A.2d 295, 298 (Pa. Super. 1992)), because a duty to indemnify cannot exist without a duty to defend, if the Court concludes that Integon has no duty to defend, it must necessarily hold that there is no duty to indemnify either, *see Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999); *Westfield Ins. Co. v. Bellevue Holding Co.*, 856 F. Supp. 2d 683, 702 (E.D. Pa. 2012) (holding that because the insurer had no duty to defend, it necessarily had no duty to indemnify, and was therefore entitled to a declaratory judgment on the indemnification count as well).

**B.      Default Judgment**

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  In considering these factors, the "court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

**IV.      ANALYSIS**

The first factor, whether denying default judgment would prejudice Integon, weighs in favor of granting the default judgment because Integon is currently paying to defend Rodriguez in the underlying state action by Luna and will continue to pay for a defense if default judgment is not entered.

The second factor, whether Rodriguez[2] appears to have a litigable defense, also weighs in favor of default judgment. In the Commonwealth of Pennsylvania, an insurance company's obligation to defend an insured is analyzed under a two-part framework. *See Simon Wrecking Co., Inc. v. AIU Ins. Co.*, 350 F. Supp. 2d 624, 640 (E.D. Pa. 2004). In a declaratory judgment action, as here, the court is first required to ascertain the scope of the policy's coverage. *Id*. Following that determination, "the court must examine the complaint in the underlying action to ascertain if it triggers coverage." *Simon Wrecking Co., Inc.*, 350 F. Supp. 2d at 640 (citing *Allen*, 692 A.2d at 1095). "An insurer's duty to defend is triggered if the factual allegations in the complaint, taken as true, 'would support a recovery that is covered by the policy.'" *USAA Gen. Indem. Co. v. Floyd*, No. 19-03820, 2019 U.S. Dist. LEXIS 203893, at *6 (E.D. Pa. Nov. 25, 2019) (quoting *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987)). Having reviewed the policy, which does not list Rodriguez as a named insured but specifically excludes him from coverage, there does not appear to be any defense to Integon's claim that it has no duty to defend. *See* Compl. Exs. B-C. Further, because a duty to indemnify cannot exist without a duty to defend, there is no litigable defense to Integon's claim that it has no duty to indemnify. Accordingly, the second factor also weighs in favor of defendant judgment.

Finally, the third factor, whether Defendants' delay is due to culpable conduct, is at most neutral. Rodriguez was personally served with the instant Complaint, but did not respond. *See* ECF No. 4. Luna could not be personally served, but proper service was effectuated by alternative process in the form of first-class mail and publication. *See* ECF No. 9. Both Defendants were also served by first class mail with Integon's requests for default and Motions

---

[2] Although Luna is also a Defendant against whom default judgment is sought, because the relief requested in this declaratory judgment action is only that Integon does not have a duty to defend and/or indemnify Rodriguez, the litigable defense analysis for Luna is the same.

for Default Judgment, *see* ECF Nos. 6, 11, 13, 15, but did not respond. The failure to defend may qualify as culpable conduct. *See E. Elec. Corp. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 553-54 (E.D. Pa. 2009) (finding that the defendants' failure to engage in the litigation process or offer a reason for this failure or refusal "qualifies as culpable conduct with respect to the entry of a default judgment"). Because this Court has no information as to why Rodriguez and Luna have not responded, however, this factor has been deemed only neutral by some courts. *See, e.g. Great Am. E&S Ins. Co. v. John P. Cawley, Ltd.*, 866 F. Supp. 2d 437, 441-42 (E.D. Pa. 2011) (concluding that because the court had no information related to the motivations of the defendants in failing to appear and defend, the delay could not be deemed willful and in bad faith, rendering the third factor of the default judgment analysis "at most a neutral factor").

Having weighed all the factors, the Court concludes that default judgment is appropriate against both Defendants.

## V. CONCLUSION

Both Defendants were properly served with the Complaint in this declaratory action. Neither Defendant filed a response in the instant action and the factors weigh in favor of granting Integon's requests for default judgment. Therefore, default judgment is entered in favor of Integon. Integon does not have a duty to defend or indemnify Rodriguez in the underlying state court action: *Luna v. Rodriguez*, No. 2019-C-1295 (Lehigh Cty Ct. Com. Pleas).

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge